# STEVENSON, APPELLANT v. MATTESON ET AL., RESPONDENTS.

[Argued June 24, 1892.    Decided February 6, 1893.]

JUDGMENT— *Entry on demurrer — Effect of consent.* — Where a plaintiff elects to stand on his complaint after demurrer sustained, it is the duty of the court to render judgment against him for costs so as to place him in a position to appeal; and where the plaintiff is compelled to ask the court to enter such judgment, it is not such a consent to the judgment as to debar him of the right to appeal.

SAME— *Finality.* — A judgment sustaining a demurrer and dismissing the complaint as to one of several defendants, is a final judgment from which an appeal will lie.

ASSIGNMENT— *Action to annul pleading.* — In an action to set aside an assignment for the benefit of creditors as fraudulent, both assignors and assignee being made parties defendant, it is not necessary that the complaint should allege knowledge on the part of the assignee of the matters alleged in the complaint to be fraudulent.

SAME— *Same — Assignee proper party defendant.* — An assignee, by reason of having possession of the assigned property and goods, and by reason of having a right to defend the assignment, is a proper party defendant to an action to have such assignment declared void.

SAME— *Same — Duty of court as to creditors.* — It is the duty of the court upon the filing of a complaint by a creditor to set aside an alleged fraudulent assignment to make such orders in relation to the assigned estate as may be necessary to preserve it for the benefit of rightful creditors, as by the appointment of a receiver, so as to render available any judgment that might be rendered on the final determination of the action.

*Appeal from Eighth Judicial District, Cascade County.*

Action to set aside an assignment made for the benefit of creditors. Assignee's demurrer to the complaint was sustained by BENTON, J., and judgment for costs rendered against plaintiff. Reversed.

*F. C. Park,* for Appellant.

*Leslie & Downing,* for Respondents.

PEMBERTON, C. J.—This is a suit brought in the lower court by appellant to set aside, and have declared void, a certain deed of assignment. On the sixteenth day of January, 1892, George L. Stevenson and Ernest W. Ryder, Jr., who claim to be copartners doing business at Great Falls, in Cascade county, Montana, under and in the firm name and style of Stevenson & Ryder, executed their deed of assignment to one S. W. Matteson, Jr., conveying to him their stock of general

hardware, harness, etc., for the benefit of the firm's creditors. The deed was duly executed by Stevenson & Ryder, and accepted by Matteson, assignee, who took charge and possession of the stock of goods. The deed of assignment names but two preferred creditors, to wit, the First National Bank of Great Falls, in the sum of one thousand eight hundred dollars, and one James Bleecker, Jr., of New York, in the sum of three thousand dollars. The complaint alleges that on the sixteenth day of January, 1892, the date of the said assignment, and for a long time prior thereto, Stevenson & Ryder, the assignors named in said deed of assignment, and James Bleecker, Jr., the preferred creditor named in said deed of assignment, were, and had been, copartners doing said business as such in the city of Great Falls, in the firm name of Stevenson & Ryder, and also were engaged in business in the city of New York, in the firm name of Stevenson and Company; that, according to the terms of the articles of copartnership existing between said three copartners, all matters of importance, and all large and important purchases and sales of stock, were to be submitted to all three of the members of said firm, doing business at Great Falls, before being entered into or consummated; that Stevenson and Ryder, two members of said firm, made the assignment without consulting Bleecker, who could have easily been consulted by telegraph, as was often done; that Bleecker did not consent to said assignment, or authorize it, but immediately repudiated it after hearing of it; that said Bleecker was fraudulently made a preferred creditor, in and by said deed of assignment, to the amount of three thousand dollars, because said firm of Stevenson & Ryder did not owe, nor did either member of said firm owe, Bleecker said sum, or any sum whatever, and, further, because said Bleecker was a member of the assigned firm; that said preferred claim of three thousand dollars allowed Bleecker, and the whole of it, was fictitious, false, and fraudulent, and was allowed and preferred for the purpose of hindering, delaying, and defrauding the creditors of said firm; that, if said fraudulent and preferred claim of Bleecker is paid and allowed by the assignee, there will not remain sufficient assets of said assigned estate to pay the claim of appellant. The complaint shows that the assignee received about four thousand dol-

lars' worth of property. The complaint also shows that on the twentieth day of February, 1892, the appellant recovered judgment in the lower court against respondents Stevenson and Ryder, and Bleecker, copartners doing business in Great Falls in the firm name of Stevenson & Ryder, in the sum of nine hundred and sixty-four dollars, which remains unpaid; and the sheriff of said county, being unable to satisfy an execution issued out of said court on said judgment, has returned the same *nulla bona.* The appellant asks that said deed of assignment be declared null and void, and be set aside, and for other relief. To the complaint the respondent Matteson filed a general demurrer, as follows: "Now comes the defendant S. W. Matteson, and demurs to the second amended complaint in this action filed by the plaintiff, and for cause of demurrer alleges the said amended complaint does not state facts sufficient to constitute a cause of action, and of this he demands judgment of the court." The court below sustained this demurrer, and, the appellant declining to plead further, the lower court dismissed the complaint as to respondent Matteson, and rendered judgment against appellant for costs. From this judgment the appellant prosecutes the appeal.

The respondents defend the action of the court in sustaining the demurrer and dismissing the action as to respondent Matteson, on the ground that judgment was rendered on the application of appellant. The appellant declined to further plead after said demurrer was sustained, because he believed he had stated a good cause of action in his complaint as to Matteson, as well as to the other respondents, and had perhaps stated all the facts he could state in an amended complaint. It was his right, in that case, to stand on his complaint, and, in the event he did so, it was the duty of the court to render judgment for costs, so as to place the appellant in a position to appeal; and his asking the court to do its duty, or to render such judgment as would allow of an appeal, was not such a consent to the judgment as to debar him of the right to appeal. (See § 244, div. 1, Comp. Stats.) In *Connor* v. *McPhee*, 1 Mont. 78, Knowles, J., says: "The first question presented in this case is one of practice. Can the plaintiffs in an action move to set aside a nonsuit, when they have consented to it, upon its becoming

apparent, from the rulings of the court, that they could not recover, basing their motion upon alleged error in the rulings of the court, which induced them to consent to the nonsuit? Such practice we hold proper." (See *Natoma etc. Min. Co.* v. *Clarkin*, 14 Cal. 544.) In the case at bar the appellant was so placed, after the sustaining of the demurrer, that he was compelled to ask the court to enter the proper judgment, so he could appeal, basing his appeal upon the alleged error of the court in sustaining the demurrer of respondent Matteson. The judgment sustaining the demurrer and dismissing the case as to respondent Matteson was final as to such respondent in this case.

The respondents further contend that the demurrer of respondent Matteson should have been sustained, because the complaint contained no allegation that he (Matteson), the assignee, had knowledge of the matters alleged in the complaint to be fraudulent. Respondent Matteson was a proper party to this suit, because he was the assignee, and had possession of the assigned goods and property which the complaint alleges to have been fraudulently assigned, and was presumably disposing of the property for the purpose of paying off the preferred credits, the principal one of which was alleged to be fictitious and fraudulent. Matteson also had a right to defend the assignment, and for that reason alone was a proper party. Whether there was any allegation in the complaint implicating him in the alleged frauds is immaterial. It was the right and duty of the court, upon the filing of the complaint, to make such orders in relation to the assigned estate as were necessary to preserve it for the use and benefit of the rightful creditors, so as to render available any judgment that might be rendered in the final determination of this cause. The court could have appointed a receiver to hold and care for the assigned estate until final judgment herein, so that, if the appellant should succeed in this action, there would have been something of the estate left, out of which he could satisfy his claim. To sustain the demurrer and dismiss this cause as to Matteson would simply be permitting Matteson to carry out the terms of an assignment alleged to be fraudulent, and leave the rightful creditors of the assigned estate remediless, in the event of the

assignment being declared void. The judgment of the lower court is reversed, and the cause remanded, with instructions to overrule the demurrer of respondent Matteson, and proceed with the case in accordance with the views herein expressed.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.