SIMON OTTENBERG AND OTHERS, APPELLANTS, *v.* CHARLES C. BARNES AND OTHERS, RESPONDENTS.

FRAUDULENT ASSIGNMENT.—APPOINTMENT OF RECEIVER.—ILLEGAL PREFERENCES.—ADEQUATE REMEDY AT LAW.—PLEADING.—In an action against a firm by judgment creditors to set aside as fraudulent an assignment for the benefit of creditors, and for the appointment of a receiver, the complaint alleged that plaintiffs' executions had been returned unsatisfied, that the assignment contained an illegal preference, that unless prevented by the court the assignee would turn over the property to the preferred creditors, and that the assignee was insolvent. *Held,* that the complaint was not demurrable on the ground that plaintiffs had an adequate remedy at law.

(No. 478. Decided June 19, 1894. 37 P. R. 267.)

APPEAL from the District Court of the Fourth Judicial District, Hon. James A. Miner, *Judge.*

Action by Simon Ottenberg and others against Charles C. Barnes and others. From a judgment sustaining a demurrer and dismissing the complaint, plaintiffs appeal. *Reversed.*

*Mr. A. R. Heywood (Mr. J. H. MacMillan* and *Mr. W. L. Maginnis,* of counsel), for appellants.

*Messrs. Kimball & Gilbert* and *Mr. E. M. Allison, Jr.,* for respondents.

SMITH, J.:

This was an action in the nature of a bill in equity to set aside a fraudulent assignment for the benefit of creditors, for the appointment of a receiver of the assigned estate, and for general relief. A demurrer was interposed

on the ground that the bill did not state sufficient facts to constitute a cause of action. The demurrer was sustained. Plaintiffs declining to amend, judgment was entered for defendants, from which plaintiffs appeal. The complaint states substantially that plaintiffs are judgment. creditors of Matson, Barnes & Co.; that they have had executions issued and returned unsatisfied, and that their judgments are unsatisfied; that the firm of Matson, Barnes & Co., up to January, 1893, was a partnership consisting of defendants, E. W. Matson, C. C. Barnes, and George H. Matson; that in January, 1893, the firm was insolvent, and has so continued ever since; that in January, 1893, by a secret arrangement between themselves, E. W. Matson and C. C. Barnes, who were respectively brother and half-brother of George H. Matson, pretended to buy out the interest of George H. Matson for $6,000, and in July, 1893, the firm made an assignment to defendant T. P. Bryan for the benefit of creditors, and in such assignment preferred George H. Matson for the $6,000 purchase money above mentioned. It is further alleged that Bryan has $5,000 worth of property in his hands, and that he threatens to and will pay the same over to George H. Matson as a preferred creditor unless prevented by the court. It is also alleged that Bryan is not a fit person for assignee or trustee; that he is a partner with all of the defendants in certain other enterprises; that he is insolvent; that he has secretly, and to evade process, disposed of a large portion of the assigned property; and that he has no experience that would fit him for handling the assigned property. The suit is brought on behalf of all creditors who will join (and several have joined), and the prayer is for a receiver for the assigned estate (which consists of merchandise), and for a cancellation of the deed of assignment, and for general relief.

The demurrer confessed all the facts alleged to be true.

And counsel for respondent here admits that the assignment is void as to the creditors, and also admits that Bryan is about to dispose of the trust funds in payment of the fraudulent claim of George H. Matson, pursuant to the provisions of the deed of assignment; but he claims that plaintiffs, by their own showing, have an adequate remedy at law, and therefore the complaint discloses no ground for equitable relief.   Let us examine this claim. Cases arising from the fraudulent conduct of a party are usually cases in which courts of law and equity have concurrent jurisdiction.   See Pom. Eq. Jur. §§ 139, 140, 174. At section 175 of Pomeroy's Equity Jurisprudence, the author points out in a masterly way the true distinction between law and equity jurisdictions; without using his language the difference is this:   Whenever the relief sought in the action is the recovery of specific lands or specific chattels, or a specific sum of money, or one or more of these, without other relief, then the case is one cognizable only at law; but if the case is one where, in order to reach either of these final results, it is necessary to procure a cancellation of some writing, or the taking of an account, or some other act of adjudication which goes beyond a simple verdict in favor of one or the other party, then the case is one in which the courts of equity also will assume jurisdiction.   An action solely for the cancellation of an instrument is exclusively equitable.   See Id. 171.   An action at law may involve the same result indirectly.   In the latter case the courts of law and of equity have concurrent jurisdiction.   For a perfect elucidation of this rule, see Id. 110.   In the case at bar, the ultimate relief sought is unquestionably the recovery of a portion of the assigned insolvent estate, and yet, in order to obtain this, they must have the deed of assignment canceled, must have an accounting with the assignee, and a distribution of the money among the parties joining in the suit.

As stated by Pomeroy (section 175, *supra*): "The money is to be regarded as a fund which is to be either awarded to a single claimant or distributed among several claimants in the shares to which they are adjudged to be entitled." In such a case as the one at bar, no doubt the plaintiffs might obtain relief at law if they could persuade an officer to levy their executions on the property in the possession of Bryan, in utter disregard of the claims of Bryan; but it would seem to be a sufficient answer to all this to say that they have exhausted the final legal process, to-wit, an execution, and have failed to obtain any relief. Then, again, it is manifest that, by such a levy as that just suggested, the officers and plaintiffs both lay themselves liable to a suit by Bryan for conversion. Can it be said that the remedy which exposes a party to vexatious litigation is an adequate remedy? We think the law has wisely provided a remedy by which the fraudulent claims of Bryan in this case may be set at rest, and the rights of plaintiffs to a distribution of the trust fund be declared, without the risk of further expense or litigation. That is just what plaintiffs have asked in this complaint. If the facts alleged are true, they are entitled to this relief. Among other authorities sustaining this conclusion are: Wait, Fraud. Conv. § 51; Bump. Fraud. Conv. p. 530; *Stevenson* v. *Matteson* (Mont.), 32 Pac. 291; *Smith* v. *Sipperly* (Utah), 34 Pac. 54. The judgment of the court below is reversed and the cause is remanded, with directions to the court below to overrule the demurrer and to hear the case; appellants to recover of respondents the costs of this appeal.

MERRITT, C. J., and BARTCH, J., concur.