FARMERS & MINERS STATE BANK, APPELLANT, *v.*
PROBST, RESPONDENT.

(No. 5,893.)

(Submitted April 27, 1926.    Decided May 12, 1926.)

[246 Pac. 249.]

*Justices of the Peace—Appeal to District Court—How Per-*
*fected—Improper Dismissal—Judgment by Consent—What*
*Does not Constitute.*

Justices' Courts—Appeal to District Court—How Perfected—Improper
Dismissal.
1.  Under section 9754, Revised Codes of 1921, an appeal from
a justice of the peace court to the district court is perfected by
service of the notice of appeal upon the adverse party or his
attorney and the filing thereof with the justice, proof of service
not being made a jurisdictional requirement; therefore dismissal
of such an appeal because the record did not show that service
had been made upon the adverse party was error.

Same—Appeal—Dismissal—Judgment by Consent—What Does not Con-
stitute.
2.  Where because of the failure of defendant to have a formal
judgment of dismissal of his adversary's appeal from a justice's
court entered, plaintiff was compelled to do so to enable him to
appeal to the supreme court, his action in that behalf was not
such a consent to the judgment of dismissal as to debar him
of his right to appeal.

---

[1]  Justices of the Peace, 35 C. J., sec. 468, p. 777, n. 14; sec.
484, p. 788, n. 3; sec. 494, p. 794, n. 99 New; sec. 609, p. 857, n. 78.
[2]  Appeal and Error, 3 C. J., sec. 548, p. 674, n. 91.

*Appeal from District Court, Cascade County; Stephen J.*
*Cowley, Judge.*

ACTION by the Farmers & Miners State Bank against Au-
gust Probst.  Judgment was rendered for defendant in the
justice's court.  From an order dismissing plaintiff's appeal
to the district court, it appeals.  Reversed and remanded.

---

1.  See 16 R. C. L. 403.
2.  See 2 R. C. L. 60.

*Messrs. Graybill & Graybill,* for Appellant, submitted an original and a reply brief; *Mr. Leo Graybill* argued the cause orally.

*Messrs. Molumby & Polutnik,* for Respondent, submitted a brief; *Mr. Loy J. Molumby* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an appeal from a judgment of the district court of Cascade county, dismissing plaintiff's appeal to that court from a judgment rendered against it in a justice's court of that county.

The judgment-roll embraced in the transcript discloses that the papers on appeal were filed in the district court on May 4, 1925; that on August 4, 1925, the district court made an order which, in part and so far as material here, reads as follows: "An order having been made on the 25th day of May, 1925, upon motion of Frank Polutnik, Jr., defendant's counsel, he appearing specially, to dismiss the plaintiff's appeal from the justice county [court], said motion having been made upon the ground that plaintiff and defendant's counsel both have offices within the city of Great Falls and that there was nothing of record to show that proper service had been made upon defendant's counsel, the court thereupon sustained defendant's motion and dismissed said appeal, and thereupon did dismiss said appeal"; and that on December 17, 1925, a formal judgment was "rendered in favor of defendant and against plaintiff dismissing said appeal of plaintiff."

There is included in the transcript a bill of exceptions to the consideration of which on this appeal counsel for defendant have objected for the reason, as they contend, that the same was not settled within the time allowed by law. It is not deemed necessary to determine whether this bill of exceptions was properly settled, and the same will be wholly disregarded, since the only matter before us for consideration can be dis-

posed of by an examination of the papers constituting the judgment-roll.

The one question presented for determination is whether the court erred in dismissing the plaintiff's appeal to the district court. Section 9754, Revised Codes of 1921, provides that an [1] appeal from a justice's court to the district court "is taken by serving a copy of the notice of appeal on the adverse party or his attorney, and by filing the original notice of appeal with the justice." By a subsequent section it is provided that the appeal shall not be effectual for any purpose unless an undertaking is filed, but that section is not material here, since no question arises concerning the undertaking.

It will be noticed that section 9754 above is silent as to the manner in which the district court is to be advised that the notice of appeal has been served upon the adverse party. Nothing is said about such proof of service being necessary to perfect an appeal.

When notice of appeal is served upon the adverse party or · his attorney and filed with the justice of the peace, the appeal is perfected. The party appealing has done all that the statute requires to divest the justice's court of jurisdiction, and the jurisdiction of the district court thereupon attaches. As stated in 24 Cyc., p. 696: "The jurisdiction of an appellate court attaches upon the performance of the acts required by statute as conditions to the perfection of an appeal from a justice's court."

The statute makes the fact of service, not the proof of service, the jurisdictional requirement. (*Heinlen* v. *Heilbron,* 94 Cal. 636, 30 Pac. 8.)

In *Medicca* v. *Orr,* 16 Cal. 368, an appeal from a justice's court to the county court was dismissed on the ground that the record did not show that the notice of appeal had been served upon the adverse party, and the court, in reversing the judgment, observed that "the *fact* of service was the important matter, and it was of no consequence that its existence was not shown by the record," and held that the appellant should

have been permitted to show the fact of service by affidavit. To the same effect are the cases of *Benjamin* v. *Houston,* 24 Wis. 311; *Dalzell* v. *Court,* 67 Cal. 453, 7 Pac. 910; *Sutter County* v. *Tisdale,* 128 Cal. 180, 60 Pac. 757.

Presumably the order of the court above quoted correctly states the ground of defendant's motion on which the order dismissing the appeal was based: "That plaintiff and defendant's counsel both have offices within the city of Great Falls and that there was nothing in the record to show that proper service had been made upon defendant's counsel."

This motion did not question the fact of service of the notice of appeal, nor did it suggest any matter showing lack of jurisdiction in the district court to proceed with the trial of the action. In other words, it did not point out any act which the statute requires to be done and which plaintiff had failed to perform in order to transfer jurisdiction of the case from the justice's court to the district court, and therefore it did not raise any matter to justify the order of the court dismissing the appeal.

It appears that the judgment dismissing the appeal was [2] entered at the request of counsel for plaintiff, and counsel for defendant contend in their brief that the plaintiff is now precluded from questioning such judgment. When the court made the order dismissing the appeal from the justice's court on May 25, it was the duty of counsel for defendant to have a formal judgment of dismissal entered so as to place the plaintiff in position to appeal to this court therefrom if it desired to do so. The fact that counsel failed to perform their duty in that respect, thereby making it necessary for plaintiff to apply for entry of judgment in order to permit it to appeal to this court, was not such a consent to the judgment as to debar it of the right of appeal. (*Stevenson* v. *Matteson,* 13 Mont. 108, 32 Pac. 291; *Corey* v. *Sunburst Oil & Gas Co.,* 72 Mont. 383, 233 Pac. 909.)

The judgment is reversed, and the cause remanded to the district court for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.