(November 14, 1902.)

## MILLER v. DAVENPORT.

[70 Pac. 610.]

ELECTIONS—OFFICIAL BALLOT—DUTIES OF COUNTY AUDITOR.—Under the election laws of Idaho, the duties of county auditor in preparing official ballots for county and state elections are purely ministerial, and it is the duty of such auditor to place upon said official ballot the names of candidates for state and judicial district offices made by the different political parties, and certified to such auditors by the Secretary of State.

COURT AUDITORS—OFFICIAL BALLOT—PROHIBITION.—The writ of prohibition will not issue to restrain the county auditor of a county from placing upon the official ballot the name of a candidate for district judge, who has been nominated in regular convention of a political party, and whose nomination has been duly certified to the Secretary of State, and by said Secretary of State to such county auditor.

(Syllabus by the court.)

ORIGINAL proceedings in Supreme Court for writ of prohibition.

The facts are stated in the opinion.

Charles E. Miller, for Plaintiff, files no brief.

E. C. McDonald, Amicus Curiae, files no brief.

QUARLES, C. J.—This is an original proceeding commenced in this court by the plaintiff, who alleges that he is an elector of Shoshone county, residing at the city of Wallace, and that he

is a member of the Democratic party, and beneficially interested in the action, to obtain a writ of prohibition prohibiting the defendant, as county auditor of Shoshone county, from placing upon the official ballot the name of Liguori A. Doherty, the Democratic nominee for district judge of the first judicial district, comprising the counties of Kootenai and Shoshone. It is alleged that said Doherty was duly nominated by the Democratic state convention for the said office of district judge, and his nomination duly certified by the chairman and secretary of said convention by certificate duly filed with the Secretary of State, and by said Secretary of State to the defendant, as said county auditor, and that said auditor threatened to, and will, unless prevented by the orders and decrees of this court place the name of said Doherty, as said Democratic nominee for district judge of the first judicial district upon the official ballot in and for Shoshone county. And the petitioner further alleges that said L. A. Doherty is ineligible to said office, for the reason that he will not have been an elector of the state of Idaho for the period of two years next preceding the election. The petitioner contends that each of the political parties are entitled to have upon the official ballot the name of a candidate for each of the offices at a given election, who is competent or eligible thereto; that, in the event of the nomination by a political convention of a candidate for a given office who is ineligible thereto, the county auditor should not place upon the official ballot the names of such ineligible candidates, and, in a case where they threaten so to do, that the court should interfere and prevent, in advance of the election, the names of such candidates as are ineligible from being placed upon the official ballot. This contention is not well founded. County auditors, so far as arranging the official ballots are concerned, act in a clerical capacity, and are not clothed with judicial or quasi judicial power. It is the duty of county auditors to place upon the official ballot, in the proper column, the names of the candidates for the different offices who have been nominated, and whose nomination has been duly certified in accordance with the provisions of our election laws. They have no discretion in the matter. They cannot go behind the certificates of

nomination and inquire into the eligibility of candidates.   With that they have nothing to do.    This being true, it is apparent that the writ demanded must be denied, for the reason that this court cannot, by writ of prohibition, prohibit the county auditor from doing that which it is his clerical duty, under the election laws, to do.

The writ must be denied, and it is so ordered.    Costs of this proceeding are awarded to the defendant.

Sullivan and Stockslager, JJ., concur.