(September 30, 1910.)

HIRAM G. FULLER, Plaintiff, v. IRA N. COREY, County Auditor, Defendant.

[110 Pac. 1035.]

PRIMARY NOMINATION—FILING EXPENSE ACCOUNT—FAILURE TO COMPLY WITH SECTIONS 25 AND 26 OF PRIMARY NOMINATION STATUTE.

(Syllabus by the court.)

1. Where a candidate for nomination under the direct primary nomination statute of this state has been duly and regularly certified by the canvassing board to the county auditor as having received the nomination of his party for a county office, the duty of causing the name of such nominee to be printed on the official ballot to be used at the succeeding general election is purely a ministerial act, and the auditor cannot sit in judgment on the candidate and adjudge him ineligible to have his name printed on the ticket on account of his failure to file an expense account either within the time or in the manner provided by the direct primary law. (Secs. 25 and 26, 1909 Sess. Laws, p. 204.)

2. Before a nominee under the direct primary law can be denied the right to have his name printed on the official ballot on account of ineligibility resulting from his failure to file a statement of his expense account either within the time or in the manner provided.

by law, he must be judicially declared, by orderly and due process of law, to be ineligible on account of his violation of the direct primary law.

Original application for writ of mandate. Petition granted and order entered that peremptory writ issue.

A. H. McConnell, for Plaintiff.

O. P. Soule, for Defendant.

Counsel file no briefs.

AILSHIE, J.—This is an application for a writ of mandate against the auditor of Fremont county, compelling him to cause the name of petitioner, Hiram G. Fuller, to be printed on the official ballot as the Republican candidate for county treasurer of Fremont county to be voted on at the general election in November.

It is alleged by the petitioner that he was duly and regularly nominated by the Republican party at the primary election held in August as the nominee of that party for the office of county treasurer. It is further alleged that the county auditor refuses to have the petitioner's name printed on the official ballot, for the reason that petitioner did not file his expense account as required by secs. 25 and 26 of the primary election law (1909 Sess. Laws, pp. 204 and 205), within ten days after the date on which the primary election was held.

Sec. 25 of the act provides that every candidate for nomination under the terms of the act shall not more than ten days after holding the primary election file an itemized statement in writing, duly sworn to as to its correctness, setting forth the items of expenditures made by him for the purpose of securing or influencing or in any way affecting his nomination. Sec. 26 of the act provides that any candidate who shall fail, neglect or refuse to file with the proper officer the statement provided for by sec. 25, within the time provided therein, or to fully set out in detail the sums expended by him, etc., shall be guilty of a misdemeanor, and then pre-

scribes the penalties, among which is that of ineligibility to become a candidate for the office to which he was nominated.

The only question with which we have to deal at this time is that of the power of the county auditor to refuse to have the name of a candidate printed on the official ballot where he has been declared by the canvassing board to be the nominee of his party. On this question there can be but little doubt. The duty of the auditor is purely ministerial; he is vested with no judicial powers or functions in the matter. He cannot sit in judgment on the candidate and without a hearing declare him guilty of a misdemeanor and inflict the penalties. (*Miller v. Davenport*, 8 Ida. 593, 70 Pac. 610.) It is clearly the duty of the auditor to perform the duties required of him by law, and until the candidate has been judicially declared ineligible to have his name placed upon the ticket, the auditor has but one duty to perform, and that is to cause the candidate's name to be printed on the official ballot along with all the other nominees for the respective offices. If the candidate has violated the law and is subject to its penalties, that must be determined in the orderly and due process of law.

A peremptory writ of mandate will issue to Ira N. Corey, auditor of Fremont county, directing him to place the name of the petitioner, Hiram G. Fuller, on the official ballot as the Republican nominee for the office of county treasurer to be voted upon at the ensuing general election. Costs awarded in favor of plaintiff.

Sullivan, C. J., concurs.