MOODY v. GIBSON et ux.

No. 32187.   April 23, 1946.

*168 P. 2d 619.*

Hatcher, Hatcher & Taylor, of Oklahoma City, for plaintiff in error.

Butler & Rinehart and Russell Farmer, all of Oklahoma City, for defendants in error.

GIBSON, C. J. The parties to this appeal will be referred to as they appeared in the trial court, wherein defendants in error were plaintiffs and plaintiff in error was defendant.

Wm. D. Gibson and Lena Gibson, as plaintiffs, instituted this action against C. W. Moody, as defendant, to recover treble the amount of an alleged overcharge in rent.

In plaintiffs' petition it is alleged that plaintiffs rented from defendant premises at an agreed rental of $7 per week which was paid for 35 consecutive weeks; that at the time thereof plaintiffs were without knowledge of the fact that the premises had been registered with the Office of Price Administration or of the ceiling price thereon;

72

that by the terms of the registration the maximum legal rent for the premises was $5 per week; and that by reason thereof plaintiffs were overcharged $2 per week, aggregating $70, and on account thereof plaintiffs were entitled to judgment for $210, same being treble the amount of the overcharge paid.

For answer to the petition defendant admits receiving $7 per week rental and admits that the maximum rent provided in the registration was $5 per week, but denies that the $2 per week excess was an overcharge or violative of the regulations. And as justification for the excess charged, defendant alleges that the $5 ceiling made in the registration was on the basis of equipment and service specified therein, which did not include cooking utensils, dishes, bed linens and other services furnished plaintiffs. That plaintiffs did not want to furnish such items and agreed to pay the additional $2 per week therefor. It is further alleged as follows:

"That long prior to any transactions with this plaintiff the defendant filed a petition with the Office of Price Administration for this area asking for an adjustment of rents where additional services and equipment is furnished, and before the same was acted upon and while it was pending the defendant sought the information and advice of the said OPA with reference to furnishing such extras and the charging of an additional rental for the same, and was advised that such was authorized by the Rent Regulation; that section 5 (3) thereof does provide for an increase in rent for substantial increase in services, furniture, furnishings or equipment; and that the defendant relied and acted upon this information and advice in agreeing to furnish and in furnishing said additional services, furnishings and equipment."

For reply plaintiffs deny the allegations of the answer to the extent same are inconsistent with the allegations of the petition.

The cause was submitted under instructions to a jury who returned a verdict for plaintiffs in the sum of $70.

Plaintiffs were awarded judgment thereon, and defendant appeals.

Two material issues were involved upon the trial. The first and major issue was whether the $2 per week in excess of the $5 maximum was a violation of the regulations, and if so, the second, whether defendant by reason of good faith was entitled to a reduction of the treble liability that would otherwise obtain. By reason of the judgment rendered being only for the actual amount of overpayment, defendant could have suffered no detriment through alleged errors in the court's instruction unless the matter of good faith could constitute a defense to liability for the amount of actual overcharge. That it is not available as a defense to such liability, we heretofore held in Hayes v. Osborn, 195 Okla. 612, 160 P. 2d 956. To same effect see Thierry v. Gilbert (C.C.A.) 147 Fed. 2d 603. Hence, the remaining question is whether the overcharge was illegal, and it appears to be conceded that such is a question of law from the following statement in defendant's brief:

"The only question of law was whether or not there was an unlawful and actionable overcharge; and that question was for the court and should not have been submitted to the jury."

By the express provisions of the Emergency Price Control Act (Tit. 50 U.S.C.A. § 904), it is unlawful for any person to receive any rent in violation of any regulation or order under section 2 thereof (same as section 902 of said Tit. 50).

In the registration form, completed in the instant case with the $5 maximum appearing in section C, item 7, there appears the following in block form with signature of defendant thereto:

"W A R N I N G

"The rent for this dwelling unit on and after November 1, 1942, can be no more than the Maximum Legal Rent entered in Section C, Item 7.

"A false statement on this form or an evasion or attempted evasion of the

Maximum Rent Regulation may subject you to a $5,000 fine or imprisonment for one year.

"I HEREBY REPRESENT that all statements and entries given hereon are true and correct.

"(Signed) C. W. Moody
"(Signature of Landlord
or his Agent)"

Rent Regulation—Housing—Sec. 5(a), made under authority of said sec. 902, and upon which reliance is placed in defendant's answer, is in material part as follows:

"(a) Grounds for increase of maximum rent. Any landlord may file a petition for adjustment to increase the maximum rent otherwise allowable, only on the grounds that: . . .

"(3) Substantial increase in services, furniture, furnishings or equipment. There has been a substantial increase in the services, furniture, furnishings or equipment provided with the housing accommodations since the date or order determining its maximum rent. No increase in the maximum rent shall be ordered on the ground set forth in this paragraph (a) (3) unless the increase in services, furniture, furnishings or equipment occurred with the consent of the tenant or while the accommodation was vacant: Provided, That an adjustment may be ordered, although the tenant refuses to consent to the increase in services, furniture, furnishings or equipment, if the Administrator finds that such increase (i) is reasonably required for the operation of a multiple dwelling structure or other structure of which the accommodations are a part, or (ii) is necessary for the preservation or maintenance of the accommodation."

It is manifest from the foregoing provisions that the maximum rental applies to the housing as a unit and is inclusive of the equipment and service furnished therewith, and that while furnishing equipment and service additional to that appearing in the registration may be grounds for invoking and entitling defendant to an increase of the maximum so fixed, defendant would not be entitled to charge additionally therefor until such maximum had been adjusted so as to authorize it. In accord with this view of the law it was held in Theirry v. Gilbert (supra):

"A landlord, though supplying equipment in substantial addition to what he was supplying on freeze date in that he added a mechanical refrigerator to unfurnished apartment, could not increase rent until he had applied for and obtained from Office of Price Administration an upward adjustment of maximum rent. Emergency Price Control Act of 1942, sec. 205(e), 56 Stat. 23, 50 U.S.C.A. Appendix sec. 925(e)."

It appears that subsequent to the registration and prior to any contract with plaintiffs, defendant, desiring to be enabled to charge a higher rental when such additional equipment and services were furnished, consulted the Office of Price Administration and was advised he would be entitled to an increase in rent where extra services were rendered. Application for increase was filed and while it was pending and undisposed of repeated trips were made to the office to ascertain the status thereof and expedite a determination. Bearing upon the need of an application to obtain the increase, the defendant testified: "We knew we had to make application; that was our instructions." May Moody, wife of defendant, and active in the transactions, testified that she put in the application for the increase and never did hear from it; that she went back to the office several times, and on one occasion was informed by a girl employee there that the papers had gone to Washington and it would take three or four months to hear from it. She further testified that she was informed that she was entitled to an increase, but it was not made clear to her about having to have a written order for the increase.

On the strength of this testimony it is urged that defendant had oral permission to make the extra charge.

However forceful that may be on the matter of good faith in making the overcharge, in our opinion it negatives rather than supports the contention made.

In view of what has been said it is clear that the maximum continues until there has been adjustment made as contemplated by the regulation. And it cannot be that such adjustment has been made while application therefor has not been acted upon.

Judgment affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.