[Sac. No. 722.   Department One.—March 24, 1900.]

SUTTER COUNTY, Respondent, v. J. B. TISDALE et al.,
Appellants.

Appeal—Limitation of Time—Dismissal.—An appeal from a judgment
. not taken within the time allowed by law therefor must be
dismissed.

Id.—Order Denying New Trial—Service of Notice—Motion to Dis-
miss Appeal—Proof of Service.—At the hearing of a motion to
dismiss an appeal from an order denying a new trial for want
of proof of service of the notice of appeal, the fact of such
service, which gives this court jurisdiction to entertain the
appeal, may be proved by affidavits not incorporated in the
transcript.

Id.—Insufficient Ground of Dismissal—Want of Service of Notice of
Intention.—The want of service of the notice of intention to move
for a new trial is not a ground for dismissing an appeal from
the order.

MOTION to dismiss appeals from a judgment of the Superior
Court of Sutter County and from an order denying a new trial.
E. A. Davis, Judge.

The facts are stated in the opinion of the court.

Forbes & Dinsmore, for Appellants.

A. C. McLaughlin, M. E. Sanborn, and Lawrence Schillig,
for Respondent.

THE COURT.—The respondent's motion to dismiss the ap-
peal from the judgment upon the ground that it was not taken
within the time allowed by law must be granted.   The judg-
ment appealed from was entered October 22, 1898, and the no-
tice of appeal was not given until June 28, 1899.   The respond-
ent has also moved to dismiss the appeal from the order deny-
ing a new trial, upon the grounds that no notice of the inten-
tion to move therefor was served on certain of the codefend-
ants, and also that the notice of appeal was not served upon
said codefendants, and that the transcript fails to contain any
evidence of such service.   At the hearing of the motion the

appellants produced and filed affidavits showing that the notice of intention to move for a new trial, as well as the notice of appeal, had been served upon each of said codefendants. The fact of such service, rather than the evidence thereof, gives this court jurisdiction to entertain the appeal, and such evidence may be shown in other modes than by being incorporated in the transcript. (*Heinlen v. Heilbron,* 94 Cal. 636; *Knowlton v. MacKenzie,* 110 Cal. 190.) The want of service of notice of intention to move for a new trial is not a ground for dismissing the appeal from the order. (*In re Ryer,* 110 Cal. 556.)

The appeal from the judgment is dismissed. The motion to dismiss the appeal from the order is denied.