(No. 5091. February 21, 1929.)

LUIGI MENDINI and ROSA MENDINI, Husband and Wife, Respondents, v. SALINA S. MILNER, TWIN FALLS LAND & WATER COMPANY, a Corporation, TWIN FALLS CANAL COMPANY, a Corporation; J. J. RUGG, and THE UNKNOWN OWNERS OF THE N. E.¼ N. E.¼, Sec. 26, Twp. 9 S., R. 14 E, B. M., TWIN FALLS COUNTY, Respondents, and MARY S. RUTT, Intervenor and Appellant.

(276 Pac. 35.)

Bissell & Bird, for Respondents.

Sweeley & Sweeley, for Appellant,

GIVENS, J.—Respondents have moved to dismiss this appeal on the ground that notice of appeal was not served on all adverse parties.

Within the statutory time a notice of appeal addressed to "the plaintiffs in the above-entitled action and to Robert C. Brown, defendant, and to Bissell & Bird, attorneys for said plaintiffs and defendant" was filed and service accepted by Bissell & Bird. This notice and proof of service thereof appear in the record.

On the same day a notice addressed to "Twin Falls Land & Water Company, Twin Falls Canal Company, J. J. Rugg, William A. Winters, Jess O. Eastman and Ralph B. Smith, as Trustee for Idaho Butchering and Packing Company," all defendants below, was filed. The body of this notice is

identical with that of the notice referred to above. It appears in the record that service of this notice was accepted by James R. Bothwell, attorney for the Twin Falls Canal Company.

In connection with a suggestion relating to the diminution of the record, appellant has filed affidavits showing personal service on Ralph B. Smith and the Twin Falls Land and Water Company, and service by mailing on J. J. Rugg, Jess O. Eastman and William A. Winters.

It is urged by respondent that proof of service of notice of appeal on adverse parties filed in the court below after the certification of the transcript and therefore not appearing in the transcript, cannot be made by subsequent affidavits filed in this court accompanied by a suggestion for a diminution of the record. We believe this contention is unsound.

Our statute relating to the perfection of an appeal (C. S., sec. 7153) requires that a notice of appeal be filed with the clerk of the court in which the judgment appealed from is entered and that a similar notice be served on the adverse party or his attorney. It does not require, as do the statutes of some states, that proof of service of this notice be indorsed on the original notice filed with the clerk. The statute is entirely silent as to the method by which this court is to be advised that service of notice of appeal has been made on the adverse party, although this does not alter the fact that such service is necessary to give this court jurisdiction. But it is the fact of service rather than proof of service on which the jurisdiction of the court rests. (*Farmers' & Miners' State Bank v. Probst*, 76 Mont. 284, 246 Pac. 249; *Warren v. Hopkins*, 110 Cal. 506, 42 Pac. 986; *Mendioca v. Orr*, 16 Cal. 368; 2 Cal. Jur. 355, 356, sec. 135.)

The conclusion reached herein is not out of harmony with *Bain v. Tolley*, 39 Ida. 174, 226 Pac. 1069, since herein the notice of appeal was in the transcript as therein required, and appellant seeks, in diminution of the record, to supply the proof of service which was filed in the lower court but does not appear in the transcript. This complies with the

requirement in the case referred to that proof of service must be furnished this court.

Upon motion to dismiss for lack of service on an adverse party, it is proper to entertain a suggestion for the diminution of the record, accompanied by affidavits showing service on such parties. It was so held by this court in the recently decided case of *People's Savings & Trust Co. v. Rayl,* 45 Ida. 776, 265 Pac. 703. (See, also, *Weiser River Fruit Assn. v. Feltham,* 31 Ida. 633, 639, 175 Pac. 583; *Garrett v. Garrett,* 31 Cal. App. 173, 159 Pac. 1050; *Martin v. DeOrnelas,* 139 Cal. 41, 72 Pac. 440; *Sutter County v. Tisdale,* 128 Cal. 180, 60 Pac. 757; *Knowlton v. Mackenzie,* 110 Cal. 183, 42 Pac. 580; *Heinlen v. Heilbron,* 94 Cal. 636, 30 Pac. 8; *Dalzell v. Superior Court,* 67 Cal. 453, 7 Pac. 910; *Elder v. Frevert,* 18 Nev. 278, 3 Pac. 237; *Tucker v. Thraves,* 45 Okl. 209, 145 Pac. 784; 2 Cal. Jur. 355, 356, sec. 135.)

In *Sweaney & Smith Co. v. St. Paul etc. Co.,* 35 Ida. 303, 206 Pac. 178, and *Douglas v. Kenney et al.,* 40 Ida. 412, 233 Pac. 874, where the court refused to entertain a suggestion for the diminution of the record, no question of proof of service of notice of appeal was involved.

■ The affidavits filed by respondent in proof of service disclose that three of the adverse parties, J. J. Rugg, Jess O. Eastman and W. A. Winters, were served with notice of appeal by mailing. The affidavits show that the parties so served resided at a different place from the party making the service and therefore this method was proper. (C. S., sec. 7200; *Garrettt v. Garrett, supra; Heinlen v. Heilbron, supra.*)

■ Respondent also contends that two separate notices of appeal having been filed with the clerk, each addressed to different parties, there are therefore two appeals before the court, and that one of these must be abandoned in which event the court would have no jurisdiction over the parties in the abandoned appeal. Inasmuch as this court has held that an appeal is not perfected until all adverse parties have been served, it would follow, if this contention be sustained, that the appeal would have to be dismissed. (*Cook et al. v. Miller,* 30 Ida. 749, 168 Pac. 911.)

Such contention mistakes the form for the substance. (See *Stephens v. Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189.) We cannot say that filing two notices of the kind herein was not a substantial compliance with the statutory requirements. (C. S., sec. 7153.) The plain intent of the statute is to provide for proper notice to all parties and if the notice indicates clearly the judgment, or the part thereof, from which the appeal is taken and service of the notice is made on all adverse parties, the statutory requirements have been fully met. It might be convenient for each respondent to know the identity of the other respondents without the necessity of consulting the records in the office of the clerk of the court, but the statute does not require that this information be given in the notice of appeal. (*Williams v. Sherman,* 34 Ida. 63, 199 Pac. 646; *Frost v. Alturas Water Co.,* 11 Ida. 294, 81 Pac. 996; *In re Nelson's Estate,* 128 Cal. 242, 60 Pac. 772.)

This court on several occasions has held that where an appeal is addressed to certain specific parties, naming them, its legal effect is limited to such parties. (*Mahaffey v. Pattee,* 46 Ida. 16, 266 Pac. 430.) But an examination of these cases discloses the fact that the notice in question was addressed to one other than the party on whom it was served. This is not the situation in the case at bar. Here the record shows that each party served was named in the heading of the notice which he received; the only omission was the names of some of the other respondents.

The only reason for limiting the effect of a notice to the parties specifically named in the heading is to make certain that the party served will not be misled to his prejudice. But where, as here, each necessary party has received a notice properly directed to himself, containing sufficient reference to the judgment from which the appeal is taken, no substantial reason appears why such notice is not sufficient. The only purpose of serving a notice of appeal is to inform each party whose rights are involved that an appeal has in fact been taken. (*Bigler v. Waller,* 12 Wall. (U. S.) 142, 20 L. ed. 260; *Weyl v. Sonoma Val. R. Co.,* 69 Cal. 202, 10 Pac. 510.)

■ There is another reason why the motion to dismiss must be denied. Respondent contends that if only one of the notices of appeal is considered, several of the necessary parties have not been properly notified of the appeal. This does not necessarily follow, as shown above, but even if it does, we believe respondents have waived any rights they may have had by admitting the service of notice of appeal. If, for instance, we agree to consider only the notice directed to the Twin Falls Land and Water Company et al., and to ignore the other notice, there would then be (assuming the correctness of respondents' position) a lack of proper service on the plaintiffs-respondents and R. C. Brown, named in the other notice. But the record discloses that the attorneys for respondents and Brown have admitted the service of the notice of appeal, and this court has held under similar circumstances that such action is a waiver of any irregularity in the service.

In *Wilson v. Wilson*, 6 Ida. 597, 57 Pac. 708, two of the respondents moved to dismiss the appeal on the ground that a notice of appeal had not been served on another respondent. But the transcript contained an admission by this respondent that he had in fact been served. The court said:

"We think said admission is equivalent to, and is an acceptance of, service of said notice of appeal, and was made within the time provided by law for such service, and gives this court jurisdiction of said respondent. It is a well settled rule, when a party appears voluntarily in court, he will be subject to the same jurisdiction as if brought in by regular process or notice. Admission of due service of notice is a waiver of irregular service, and, in general, any action which is equivalent to acknowledgment of notice waives any defects in such notice."

See, also, *Bigler v. Waller, supra;* 3 C. J. 1241, sec. 1344.

The motion to dismiss is denied.

No costs allowed in this proceeding.

Budge, C. J., Taylor and Wm. E. Lee, JJ., and Hartson, D. J., concur.