(No. 7240. October 17, 1945.)

C. V. HENDERSON and MRS. C. V. HENDERSON, his
wife, Appellants, v. S. M. NIXON, Respondent.

[168 P. (2d) 594.]
On Rehearing May 6, 1946.

Robert M. Terrell for appellants.

O. R. Baum, Ralph H. Jones, and Jones, Pomeroy & Jones for respondent.

GIVENS, J.—Respondent October 7, 1940 rented a residence to appellants under oral terms and conditions which were changed from time to time.

March 8, 1942, respondent wrote to appellants as follows:

"NOTICE OF ADVANCE IN RENT

To C. V. Henderson and Mrs. C. V. Henderson,

Tenants in possession.

You are hereby notified that the rent of the premises

you now occupy is by this notice increased to Sixty-five Dollars per month payable in advance. If so paid in advance we will allow you a discount of five dollars per month, otherwise there will be no discount, the property above referred to are Lots 7 & 8 Block 270 and known as 329 N. 6th, Pocatello, Idaho, Bannock County.

"You are now in arrears which are past due the sum of $115.00 to the 7th day of March which please call and settle or make arrangements for to carry the same. The advance in rent per above is from March 7th, 42, which gives you the required Notice for same.

Signed:

S. M. Nixon 425 W. Whitman<br>Street, Pocatello "

and thereafter respondent insisted appellants pay accordingly.

Appellants at times were in arrears and respondents brought several suits in the justice court for the monthly payments. Appellants countered with suits to restrain respondent from thus suing, and asserted violation of the OPA statute.

May 29, 1943, appellants brought the instant action for a declaratory judgment to have the amount of rent they were legally required to pay determined, $350.00 as penalty as authorized by U.S.C., Supp. III, 1941-1943, Sec. 925 (e), p. 839; 11 F.C.A., Title 50, Appx. 25, Sec. 205 (e), p. 387; 50 U.S.C.A., App. Sec. 925 (e), p. 405[1]; for receiving and demanding excess rent contrary to Emergency

---

[1] (e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: **Provided, however,**

Price Control Act of 1942, Public Law No. 421, 77th Congress, 2nd Session, 56 Stat. 23, enacted January 30, 1942; U.S.C., Supp. III, 1941-1943, Sec. 901, p. 822; 11 F.C.A., Title 50, Appx. 25; 50 U.S.C.A. App., Sec. 901, p. 313; and $250.00 attorney's fees; and injunctive relief against seriatim suits for the increased rental.

Thereafter by mutual stipulation all of the pending and undetermined suits by both parties were joined and the entire controversy merged in the instant proceeding and so presented to the trial court.

Appellants appealed from only that portion of the decree refusing penalties and attorney's fees, and the transcript does not contain the evidence.

Appellants paid into court $65.00 per month rent from March 8, 1942 to date of the trial. The trial court struck a balance between the parties and determined that $98.00 was due and owing to the appellants, which amount

That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation, of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction. A judgment in an action for damages under this subsection shall be a bar to the recovery under this subsection of any damages in any other action against the same seller on account of sales made to the same purchaser prior to the institution of the action in which such judgment was rendered."

together with other sums was then in the hands of the clerk of the court. Respondent moved for augmentation of the record (resisted by appellants) to have inserted the records, originally omitted, showing appellants following the entry of the decree and prior to his appeal herein, drew down this money, and contends that thereby appellants have affirmed the judgment so as to be in no position to continue their appeal therefrom on the theory that one who has taken advantage of a judgment may not object to it. The motion for augmentation is allowed since it supplies a record of what actually happened which could have initially been inserted. (*Mendinin v. Milner*, 47 Ida. 322, 276 P. 35; *Bedford v. Gem Irr. Dist.*, 51 Ida. 105, 4 P. (2d) 366.)

Appellants insist their action in drawing down this money has no connection with or bearing on the appeal herein, namely the denial of the penalty, and we so conclude, because acceptance of benefits of a part of a judgment does not bar relief from another disconnected portion. (*Walnut Irr. Dist. v. Burke* (Cal.), 110 P. 517; *Wold v. League of Cross* (Cal.), 290 P. 460; *Guho v. City of San Diego* (Cal.), 13 P. (2d) 387; *People v. Roath* (Cal.), 144 P .(2d) 648.)

Pursuant to the OPA statute, supra, the Price Administrator's order of September 21, 1942 fixed as maximum rent in Bannock County, State of Idaho, the rent being paid on March 1, 1942. (Volume 7, Federal Register, Number 187, September 23, 1942, p. 7501 and 7502[2]; Volume 9, Federal Register, Number 184, September 14, 1944, p. 11329.) February 17, 1943, appellants, and February 27, 1943, respondent applied to the area rent director in Pocatello for rental adjustment on the premises in question. These proceedings were never concluded and no order therein was ever entered. Hence the specific order of September

[2]"1388.131 **Scope of regulation.** (a) This Maximum Rent Regulation No. 49 applies to all housing accommodations within each of the following Defense-Rental Areas and each of the following portions of a Defense-Rental Area (each of which is referred to hereinafter in this Maximum Rent Regulation as the 'Defense-Rental Area'), as designated in the designations and rent declarations (Sections 1388.1201 to 1388.1205, 1388.1251 to 1388.1255, and 1388., 1301 to 1388.1305, inclusive) issued by the Administrator on April 28,

21, 1942 by the National Administrator sufficiently fixed the maximum rent for this property.

"* * * The maximum rent date method of rent stabilization, which Congress clearly authorized the Administrator to adopt, and which we upheld in the Chatlos case, rolls back and freezes rents as of an earlier date and at levels which landlords and tenants had worked out for themselves by free bargaining in a competitive market, prior to the time when defense activities had injected into the market an abnormal factor resulting, or threatening to result, in rent increases inconsistent with the purposes of the Act. As the Administrator points out, variations in maximum rents for comparable housing accommodations are inherent in this method of rent control since such differences exist in a normal competitive market. In explaining this familiar variation, complainant's counsel said at the argument that in normal times a landlord may find that by charging a lower rent there is a reduction in his vacancy losses and turnover, or he may thereby secure a better class of tenants. In the generality of cases (and so far as appears the present is no exception), in a normal competitive market each landlord presumably pursues the rental policy which in his judgment is most economically advantageous to him. The maximum rent date method of rent control recognizes the resulting differentials in rents, and preserves them. * * *" *Lakemore Co. v. Brown*, (U. S. Emergency Court of Appeals), 137 F. (2d) 355 at 358. *Taylor v. Brown*, (U. S. Emergency Court of Appeals), 137 F. (2d) 654 at 662; *Northwood Apartments v. Brown*, (U. S. Emergency Court of Appeals), 137 F. (2d) 809; *Avant v. Bowles*, (U. S. Emergency Court of Appeals), 139 F. (2d) 702; *Madison Park Corporation v. Bowles*, (U. S. Emergency Court of Appeals), 140 F. (2d) 316.

1942, as amended, on May 26, 1942, and on June 3, 1942, except as provided in paragraph (b) of this section.
* * * *

(13) That portion of the Pocatello-Idaho Falls Defense-Rental Area consisting of the County of Bannock, in the State of Idaho."

"1388.134. Maximum rents. Maximum rents (unless and until changed by the Administrator as provided in Sec. 1388.135) shall be:

"(a) for housing accommodations rented on March 1, 1942, the rent for such accommodations on that date. * * *"

So as the record herein discloses this determination remained in force and effect to date. The court found as a fact that the rent on the property in question on March 1, 1942 was $55.00 a month.

■ Publication in the Federal Register is notice of the maximum rent allowed to be charged. (*Henderson v. Baldwin* (Pa.), 54 F. Supp. 438; July 26, 1935, c. 417, Section 7, 49 Stat. 500; et seq.; United States Code, Title 44, Section 301, et seq., p. 3781; 9A F.C.A., Title 44, Sec. 301, et seq; 44 U.S.C.A., Sec. 301, et seq.)

■ Respondent argues because the local rent administrator in Pocatello made no order, there is no basis for the present action in so far as it applies to a suit for the statutory penalties for excess rent. However, he points out no section of the statute, rule or regulation by the National Administrator requiring as a prerequisite to a suit for penalties, action by the local administrator, in addition to the order of the National Administrator, and we have found none. Volume 7, Federal Register, Number 187, September 23, 1942, p. 7502[3]. Either the landlord or tenant could no doubt have sought relief from the maximum so fixed, but until changed, it remained the standard. (6 Code of Federal Regulations of the U.S.A., Cum. Supp., Title 32, Chapter XI, Sections 1300.202-251; Volume 8, Federal Register, No. 9, January 14, 1943, p. 527-30.) Action under Part 1300, supra, was not required to validate, confirm or effectuate the maximum as fixed in Part 1388, Maximum Rent Regulation 49, supra.

The notice in 50 U.S.C.A., App. 925(f) (2); U.S.C., Supp. III, 1941-1943, Sec. 925(f) (2), p. 839; 11 F.C.A., Title 50, Appx. 25, Section 205(f) (2); has to do with actions by the Administrator not action by private individuals for penalties. (Cum. Supp. Code of Federal Regulations of U.S.A., Book 6, Government Printing Office 1944, p. 9346; Volume 8, Federal Register, Number 9, January 14, 1943, p. 526.)

The court also denominated this a finding:

[3]"1388.135. Adjustments and other determinations. In the circumstances enumerated in this section, the Administrator may issue an order changing the maximum rents otherwise allowable or the minimum services required. * * *"

"The Court also finds that the defendant S. M. Nixon has not knowingly, or at all, violated any provision of the Emergency Price Control Act of 1942, Public Laws 421, of the Seventy-seventh Congress, or any rule or regulation thereunder. The Court further finds that the said plaintiffs Hendersons are not entitled to recover any sum or sums of money whatsoever by reason of any alleged violation of said laws, or the rules or regulations promulgated thereunder."

If this be considered a finding of fact, it is contrary to and inconsistent with the finding that the rent agreed upon and claimed by respondent after the 7th of March was in excess of $55.00. It is, however, more in the nature of a conclusion of law. (*Village of Hailey v. Riley,* 14 Ida. 481, on rehearing at 502, 95 P. 686; *Nelson v. Nelson* (Cal.), 123 P. 1099 at 1101; *Porter v. Mesilla Valley Cotton Products Co.* (N.M.), 76 P. (2d) 937 at 940; *Harrison v. Consolidated Holding Co* (Wash.), 93 P. (2d) 729 at 731; *Rea v. Motors Ins. Corporation* (N.M.), 144 P. (2d) 676 at 679-80.)

 The general rule seems to be that if there are inconsistent material findings, the judgment cannot stand. (*Fanta v. Maddex* (Cal.), 252 P. 630; *Wallace Ranch Water Co. v. Foothill Ditch Co.* (Cal.), 53 P. (2d) 929 at 936; *Austin v. Harry E. Jones* (Cal.), 86 P. (2d) 379 at 382.) However, if one finding is as to a specific and particular fact and the other is general, the former will prevail. (64 C.J., Section 1109, p. 1261; 24 Cal. Jur., Section 206, p. 973.)

 The evidence is not before us, hence we do not know which, if both be findings, finds greater and controlling support from the facts. (*Independent Oil & Gas Co. v. Shelton* (Utah), 6 P. (2d) 1027 at 1032.) We must perforce presume that the evidence supports that which is a finding. *Needham v. Needham,* 34 Ida. 193 at 198, 200 P. 346; *Morton v. Fuller,* 48 Ida. 203, 281 P. 377; *American Mut. Building & Loan Co. v. Kesler,* 64 Ida. 799, 137 P. (2d) 960; and the first finding that the rent on March 2nd was $55.00 per month is specific and, therefore, will prevail.

 The maximum having been fixed by the Administrator, it was a violation of the statute for respondent to charge, receive or recover more than the maximum

as fixed by Part 1388 of September 21, 1942, supra, after November 15, 1942. (*Schwartz v. Trajer Realty Corporation* (N.Y.), 56 F. Supp. 930; *Bowles v. Lake Lucerne Plaza*, (Fifth C.C.A.), 148 F. (2d) 967.) The conclusion at law contained in the second statement by the court, i.e. non violation, must fall, necessitating a reversal of the decree, which is so ordered, with directions to determine the proper penalty and attorney's fees, *Lapinski v. Copacino* (Conn.), 38 A. (2d) 592; *Bowles v. Krodel*, (Seventh C.C.A.), 149 F. (2d) 398; and decree accordingly. Costs to appellants.

Holden and Miller, JJ., and Lee, D.J., concur.

Ailshie, C.J., dissents.

### ON REHEARING
### May 6, 1946

GIVENS, J.—Respondent contends he was prevented from prosecuting his application of February 27, 1943, before the local rent director by the injunction which was issued June 3, 1943, in connection with appellants' main complaint herein, May 29, 1943, and not dissolved until September 28, 1944.

The basic rent directive for the area involved was promulgated September 23, 1942, as appears in the main opinion herein, and fixed the basic rent as that being charged March 1, 1942,[1] effective October 1, 1942. (*Kalwar v.*

---

[1]"1388.134. Maximum rents. Maximum rents (unless and until changed by the Administrator as provided in No. 1388.135) shall be:

(a) For housing accommodations rented on March 1, 1942, the rent for such accommodations on that date". 7 F.R. 7502, September 23, 1942.

[2]"1388.141. Procedure. All registration statements, reports and notices provided for by this Maximum Rent Regulation No. 49 shall be filed with the Area Rent Office. All landlord's petitions and tenant's applications shall be filed with such office in accordance with Procedural Regulation No. 3 (Par. 1300.201 to 1300.247, inclusive)".

"1388.142. Petitions for amendment. Persons seeking any amendment of general applicability to any provision of this Maximum Rent Regulation No. 49 may file petitions therefor in accordance with Procedural Regulation No. 3 (Par. 1300.201 to 1300.247, inclusive)". 7 F.R. 7504, September 23, 1942.

*McKinnon*, 152 F. (2d) 263.) Thus, any time after October 1, 1942, respondent might have filed his application for modification with the local rent director.[2] During all of that time and subsequently, respondent was charging or attempting to charge an amount greater than that which had been charged March 1, 1942. His application was filed February 27, 1943, and the injunction was not issued until June 3, 1943—substantially eight months after the effective date of the original directive and substantially three months after the application was filed.

 If respondent desired to increase the original rent as fixed by the statute, it was incumbent upon him to not only make the application, but secure favorable action thereon as a condition precedent to charging or collecting a greater amount.[3] (*Kalwar v. McKinnon*, supra; *Hayes v. Osborn*, 160 P. (2d) 956.) The injunction, there-

[3]"1388.135(f). Where a petition is filed by a landlord on one of the grounds set out in paragraph (a) of this section, the Administrator may enter an interim order increasing the maximum rent until further order, subject to refund by the landlord to the tenant of any amount received in excess of the maximum rent established by final order upon such petition. The receipt by the landlord of any increased rent authorized by such interim order shall constitute an agreement by the landlord with the tenant to refund to the tenant any amount received in excess of the maximum rent established by final order. The landlord shall make such refund either by repayment in cash or, where the tenant remains in occupancy after the effective date of the final order, by deduction from the next installment of rent, or both". 7 F.R. 7503, September 23, 1942.

[4]"1388.132. Prohibition against higher than maximum rents. Regardless of any contract, agreement, lease or other obligation heretofore or hereafter entered into, no person shall demand or receive any rent for use or occupancy on and after the effective date of this Maximum Rent Regulation No. 49 of any housing accommodations within the Defense-Rental Area higher than the maximum rents provided by this Maximum Rent Regulation; and no person shall offer, solicit, attempt, or agree to do any of the foregoing. Lower rents than those provided by this Maximum Rent Regulation may be demanded or received". 7 F.R. 7502, September 23, 1942.

"1388.140. Enforcement. Persons violating any provision of this Maximum Rent Regulation No. 49 are subject to criminal penalties, civil enforcement actions and suits for treble damages as provided for by the Act". 7 F. F. 7504; September 23, 1942.

fore, did not so interfere with his timely proceeding as to overthrow the holding that, the legal amount of rent being exceeded absent proper modification, the imposition of a penalty herein was justified.[4] (*Kalwar v. McKinnon,* supra; *Exparte Taylor,* 58 Fed. Supp. 488.)

Respondent contends we erred in authorizing the payment of costs and attorney's fees because the appeal was not from the immediately succeeding section of the decree.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED That neither the plaintiffs Hendersons nor the defendant Nixon shall be allowed any costs or attorneys fees in said actions so consolidated and tried".

The appeal, however, was from a preceding paragraph as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED That the defendant S. M. Nixon has not violated any of the provisions of the Emergency Price Control Act of 1942, Public Laws 421, of the 77th Congress, or any rule or regulation promulgated thereunder, and that he is not liable for any penalty or attorneys fees by reason of any alleged violation thereof, and that the plaintiffs C. V. Henderson and Mrs. C. V. Henderson, his wife, are not entitled to recover any sums of money whatsoever in respect to any alleged violation of said Act, or any of the rules or regulations made in pursuance to said Act".

The paragraph appealed from was thus as effective in denying attorney's fees or penalties as the section not appealed from and was in fact more inclusive than that not appealed from. Our holding, therefore, was within the scope of the appeal.

Appellant argues that if we reverse, we should remand the case for a further general hearing because, though the court found: "That the agreed rental for the said premises between the said plaintiffs Henderson and the defendant Nixon herein was * * * the sum of $55 per month from February 7, 1941 to March 7, 1942, * * *" (thus $55 on March 1, 1942, the controlling date). The court likewise found that: "The defendant S. M. Nixon has not knowingly or at all violated any provision of the Emergency Price Control Act of 1942 * * *". And like-

wise concluded as last quoted. As indicated in the original opinion, the latter is a conclusion and not a finding.

The period of claimed excessive charges was from October 1942 through November 1943. The original statute of January 30, 1942, effective six months thereafter, authorized a penalty without alleviation.[5]

This section was amended June 30, 1944, providing a reduction if the violation was not wilful.[6]

---

[5]"(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be. * * * Any suit or action under this subsection may be brought in any court of competent jurisdiction, and shall be instituted within one year after delivery is completed or rent is paid. * * *"
Chap. 26, January 30, 1942, 56 STAT 34.

[6]"(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of.the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: PROVIDED, HOWEVER, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation. For the purpose of this section the payment or receipt of rent for defense-area

The original Act of 1942 thus being in force at the time the excess charges were made, controls and the conclusion that there was no violation of the statutes could have no ameliorating effect on the penalties. (*Bowles v. American Stores*, 139 F. (2d) 377; *Carmelly v. Hanson*, 43 A. 685; *Bowles v. Miller*, 19 N.W. (2d) 285; *Desper v. Warner Holding Co.*, 19 N.W. (2d) 62; and *Hayes v. Osborn*, supra.)

The original opinion is therefore *reaffirmed* and adhered to.

Holden and Miller, JJ., and Lee, D.J., concur.

Ailshie, C.J., dissents.

housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. * * *"

Chap. 325, Act of June 30, 1944, Title 1, Par. 108, 58 STAT 640; 50 U.S.C.A. Section 925(e), p. 405.