[Civ. No. 15244.   Second Dist., Div. Two.   May 3, 1946.]

EILEEN HIRSCH, Plaintiff, v. LAWRENCE CHARLES HIRSCH, Respondent; WILLIAM H. HODGES, Appellant.

Paul C. Hill for Appellant.

Courtney A. Teel for Respondent.

MOORE, P. J.—In the preliminary stages of this divorce action an order was made on March 26, 1945, hereinafter referred to as the March order, for the payment by defendant of $500 counsel fees to appellant as attorney for plaintiff. The sum was to be payable in equal monthly installments of $50. On October 5 defendant filed his motion to modify and vacate such order on the grounds (1) that the consideration for the order had failed and (2) that the court had misapprehended the facts. The motion was supported by an affidavit of counsel for respondent who averred (1) that there was a change in the relations of the parties immediately subsequent to the order in that plaintiff had taken steps to discharge appellant and upon the following day or very shortly thereafter and previous to the performance of any part of the work by appellant he was (April 6, 1945) substituted out of the case in favor of other counsel; and (2) that prior to her marriage to defendant plaintiff had entered into a legal matrimonial alliance with one Murphy at Las Vegas, Nevada, and had never been divorced from him. Following a hearing the court on October 18 vacated the March order by reason of the facts alleged in the supporting affidavit. The validity of the October order is the question posed by this appeal.

Such order is in no sense governed by section 473, Code of Civil Procedure. That section authorizes relief from an order taken against the moving party "through his mistake, inadvertence, surprise or excusable neglect." The authors of that section had in contemplation no class of moving parties other than one of those encompassed by the language last above quoted. They did not intend by that statute to circumscribe the inherent powers of the courts but rather to enlarge such powers. Had they designed to designate all situations in which the courts might relieve a party from an order they would have named *fraud* along with excusable neglect. But since the power to annul an order procured by means of fraud is inherently vested in the courts its mention

would have been calculated to limit the jurisdiction of *nisi prius* courts rather than to extend it.

An order or judgment obtained through the practice of extrinsic fraud may be vacated at any time while the trial court has jurisdiction thereof. (*McGuinness* v. *Superior Court*, 196 Cal. 222, 231 [237 P. 42, 40 A.L.R. 1110]; *Bowman* v. *Bowman*, 125 Cal.App. 602 [13 P.2d 1049, 14 P.2d 558]; *Chiarodit* v. *Chiarodit*, 218 Cal. 147, 152 [21 P.2d 562].)

That the acts of appellant and of plaintiff constituted extrinsic fraud upon the court and the defendant is established by highly respectable authority. (*McGuinness* v. *Superior Court, supra*; *United States* v. *Throckmorton*, 98 U. S. 61 [25 L.Ed. 93].) When cited to show cause why the original order directing payment of counsel fees should not be vacated appellant was confronted with the solemn declaration of a member of the bar that at the time of the granting of the March order he knew he was about to be discharged by plaintiff. He denied such averment neither by testimony from the witness stand nor by affidavit. It thereupon became an established fact despite the technical observation that it was based upon hearsay. Had it been untrue appellant was in possession of all of the knowledge of his discharge that might have defeated the inference of the affidavit's verity or, by the available process of the court, he could have produced every witness possessing any knowledge of such discharge. All doubt of the correctness of the affidavit on that score is, however, removed by the substitution of other counsel in the place of appellant pursuant to stipulation filed on April 6, 1945, and by the record which discloses no court appearance by appellant subsequent to the entry of the March order. Concealment, on the date of the hearing, of the impassé already reached by appellant and his client was such an extrinsic fraud as justified annulment of the order.

It may reasonably be presumed that had the court been advised of the pending discharge it would have made no such order as that of March 26. It had no jurisdiction to authorize payment for past services. (*Loveren* v. *Loveren*, 100 Cal. 493 [35 P. 87]; *Secondo* v. *Secondo*, 218 Cal. 453, 459 [23 P.2d 752].) To direct the payment of $500 to an attorney who would render no service to the plaintiff in the future would have been unthinkable; at least illegal and improbable. Such order was the result solely of the fraud

practiced upon the court and by reason thereof it was vitiated. (12 Cal.Jur. 721.) No other justifiable course was open to the court save that which it pursued. (1 Cal.Jur. 1031, §§ 82, 83.)

█    Plaintiff's fraud in obtaining the March order was not confined to her concealment of the facts relative to appellant's discharge. By admitting that she knew at the time of the entry of such order that she was the legal wife of Murphy, plaintiff thereby admitted she had perpetrated a fraud upon the court. She knew that although an order for the payment of fees to her attorney might on its face be valid, yet she was as fully aware that proof of her bigamous marriage to defendant would defeat the court of its jurisdiction to entertain her action and would render void a decree of divorce. (*Marlenee* v. *Brown*, 21 Cal.2d 668, 678 [134 P.2d 770]; *Carbone* v. *Superior Court*, 18 Cal.2d 768, 771 [117 P.2d 872, 136 A.L.R. 1260].) And if it did not invalidate any ancillary order in the action, the evidence of plaintiff's knowledge of her own bigamy was sufficient to multiply the proof of her fraud in causing the March order to be entered, knowing (1) that she could not maintain an action for divorce and (2) that she had no legal right to require defendant to pay fees to her attorney for the prosecution of the action. (Civ. Code, § 137.)

Appellant cites *Carbone* v. *Superior Court, supra*; *Sharon* v. *Sharon*, 67 Cal. 185 [7 P. 456, 635, 8 P. 709]; and *St. Laurent* v. *St. Laurent*, 35 Cal.App.2d 345 [95 P.2d 475], as holding the original order valid and not subject to modification. Such authorities are distinguishable on their facts. They have no bearing upon the question whether plaintiff committed a fraud in procuring the order to be entered. In the St. Laurent case the annulment of the original order awarding plaintiff counsel fees was denied, but no showing was made that the court's refusal was based upon an admission by the plaintiff that she had in requesting the order knowingly defrauded the court. In the absence of such showing it is presumed that Mrs. St. Laurent acted in good faith in filing her action for divorce and in demanding that her apparent husband pay her counsel fees. Moreover, an inspection of the files discloses that Mrs. St. Laurent had been separated from her former husband June 4, 1929; had been awarded her interlocutory decree on September 4, 1930; was entitled to her final decree September 5, 1931, and was married to Mr. St. Laurent November 1, 1931. This record would warrant the

assumption that Mrs. St. Laurent had acted in good faith and that she honestly believed she was the legal wife of her defendant. This conclusion is further warranted by the fact that the final decree was entered at the request of Mr. St. Laurent eight years and four months after the interlocutory had been granted.

The order is affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 2, 1946.