212 P.2d 1031

## ROBINSON v. ROBINSON.

### No. 7516.

Supreme Court of Idaho.

Dec. 15, 1949.

Clay V. Spear, Coeur d'Alene, for respondent.

---

Wm. S. Hawkins, Coeur d'Alene, E. L. Miller, Coeur d'Alene, Whitla & Knudson, Coeur d'Alene, for appellant.

TAYLOR, Justice.

Appellant (plaintiff below) came to Idaho from Pennsylvania, arriving July 9th, 1947. August 20th, 1947, he filed action for divorce in the District Court at Coeur d'Alene in Kootenai County, Idaho, alleging residence in Idaho for the required time. Summons was personally served on the defendant in Delaware County, Pennsylvania, on September 11, 1947. Defendant made no appearance. Her default was entered October 3, 1947 and on the same day after hearing plaintiff's proof, findings of fact, conclusions of law, and decree of divorce were made and entered. The court found that plaintiff had been a bona fide resident of the state of Idaho for more than six full weeks immediately preceding the commencement of the action. About October 7, 1947, the plaintiff moved to Vancouver, Washington, where he was married to a second wife on October 11, 1947, and where he has since resided.

August 2, 1948, the defendant filed a motion in this the original divorce suit, asking that the judgment be vacated on the ground that it is void and was rendered without jurisdiction. In her supporting affidavit she charges that the plaintiff was not a bona fide resident of Idaho for the period of six full weeks next preceding the commencement of the divorce action; that he never established a bona fide residence in the state; and that he perpetrated a fraud upon the court, by knowingly testifying falsely that he had been a resident of Idaho for six full weeks immediately preceding the commencement of the action.

The issue was eventually submitted to the District Judge upon affidavits and other documentary and written evidence. The motion was granted and an order was made and entered November 6, 1948, vacating and setting aside the divorce decree "for the reason that plaintiff had not been a resident of the State of Idaho for six full weeks next preceding the commencement of the action herein."

Neither in her original affidavit nor in any other part of the showing made by her in support of her motion did the defendant suggest that she had been prejudiced in any way by the alleged misconduct of the plaintiff. These parties separated in 1946. In June, 1947, they entered into a lengthy and detailed separation agreement, in the negotiation of which defendant was repre-

sented by her own counsel. The agreement anticipates the eventuality of a divorce and the remarriage of either or both of the parties. It is not intimated in these proceedings that the husband has in any way breached this contract in the divorce action. In fact the decree at his instance requires the same payments to the wife for alimony and support as are required by the agreement. No relief is sought on the ground of "mistake, inadvertence, surprise or excusable neglect." In short, the ground urged is intrinsic fraud on the court.

The transcript was filed March 10, 1949. On March 26th appellant filed a petition asking leave to augment the record by a supplemental transcript containing the records of the district court as to the opening and closing dates of the terms of that court in Kootenai County for the year 1947. The petition was granted March 29th. The respondent's counsel moved to vacate the order and to strike the supplemental transcript on the grounds that, he had not been afforded a hearing on the petition, and that, the supplemental matter was not a part of the record in the case, and had not been called to the attention of the district court or considered by that court in the hearing and determination of the motion to vacate the decree. A hearing on such a petition is not a matter of right. Rules 13 and 44 of this court are essentially procedural. However, we will consider the objections. The purpose of the augumentation is to show that defendant's motion to vacate the decree was filed more than six months after the end of the term in which the decree was granted. Counsel for appellant allege that they were misinformed by the clerk of the district court that the term closed March 9, 1948, and did not learn until March 10, 1949, that the term actually ended October 27, 1947; and that for that reason they did not urge in the district court the objection that more than six months had elapsed between the end of the term and the filing of the motion; and that for the same reason the record was not called for in their original præcipe. Due diligence appears.

As to the objection that this question was not presented to nor considered by the trial court, the records concerned are the trial court's own general records. That court will take judicial notice of the opening and closing of its terms as fixed by itself. 31 C.J.S., Evidence, § 47, p 612; 20 Am.Jur. 101; Riley v. First Trust Co., 65 Ind.App. 577, 117 N.E. 675. If the trial court does not take notice of a fact cognizable by it, the reviewing court may do so, even so. 5 C.J.S., Appeal and Error, § 1488, p. 134, Hill v. Bice, 65 Idaho 167, 139 P.2d 1010; Standley v. Knapp, 113 Cal. App. 91, 298 P. 109. The supplemental transcript was properly filed. Mendini v. Milner, 47 Idaho 322, 276 P. 35; Owen v. Taylor, 62 Idaho 408, 114 P.2d 258; Hen-

derson v. Nixon, 66 Idaho 780, 168 P.2d 594; Guiles v. Kellar, 68 Idaho 400, 195 P.2d 367.

The jurisdiction of the courts of this state in divorce actions is conferred by the constitution. Art 5, section 20, as follows: "The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law." The broad jurisdiction thus created is not subject to diminution by legislative act. Constitution, Art. 5, section 13; Fox v. Flynn, 27 Idaho 580, 150 P. 44.

The legislature has provided that: "A divorce must not be granted unless the plaintiff has been a resident of the state for six full weeks next preceding the commencement of the action." Section 32-701, I.C. This section does not diminish the jurisdiction of the district court. It merely prescribes a condition or qualification which the plaintiff must meet to entitle him to a divorce. In re McNeil's Estate, 155 Cal. 333, 100 P. 1086; DeYoung v. DeYoung, 27 Cal.2d 521, 165 P.2d 457; Schillerstrom v. Schillerstrom, N.D., 32 N.W.2d 106, 2 A.L.R.2d 271; Thurston v. Thurston, 58 Minn. 279, 59 N.W. 1017; Kern v. Field, 68 Minn. 317, 71 N.W. 393, 64 Am.St.Rep. 479; Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; Williams v. Williams, Tex.Civ.App., 146 S.W.2d 1013; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704. The question as to whether the plaintiff has been a resident of the state for the required time, is not one of jurisdiction. It is otherwise with "domicil." Since an action for divorce is one quasi in rem, in which the marital status is the res, jurisdiction of the res depends on "domicil." Stewart v. Stewart, 32 Idaho 180, 180 P. 165; Gorges v. Gorges, 42 Idaho 357, 245 P. 691; Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366. Domicil as here used means: " * * * an abode animo menendi, a place where a person lives or has his home, to which, when absent, he intends to return, and from which he has no present purpose to depart." 159 A.L.R. 499. Reubelmann v. Reubelmann, 38 Idaho 159, 220 P. 404; Robinson v. Robinson, 362 Pa. 554, 67 A. 2d 273; Hawkins v. Winstead, 65 Idaho 12, 138 P.2d 972; Williams v. State of North Carolina, supra; Allan v. Allan, 132 Conn. 1, 42 A.2d 347, 159 A.L.R. 493 and note 496; Hiles v. Hiles, 164 Va. 131, 178 S.E. 913, 106 A.L.R. 1 and note 6.

The respondent in this proceeding seeks to void the decree both on the ground that the court was without jurisdiction, and that the statutory requirement of six weeks residence was not shown. As to the first it is asserted that he did not establish a domicil in Idaho because the necessary intent does not appear. When the complaint was filed and service had, it became necessary for the court to entertain the suit to the extent of determining whether it had jurisdiction of the res.

That is, the court was required to determine whether plaintiff had established a domicil in Idaho. The district court has inherent power to pass upon its own jurisdiction. Williams v. Sherman, 36 Idaho 494, 212 P. 971; Haines v. State Ins. Fund, 65 Idaho 450, 145 P.2d 833; Texas & P. R. Co. v. Gulf, C. & S. F. R. Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578. If the court determines that it has jurisdiction it will proceed to try other issues raised and enter judgment. If it determines that it does not have jurisdiction it will not try the other issues, but will dismiss the action without judgment on the merits. Winston v. Winston, 50 App.D.C. 321, 271 F. 551. In this case the court determined from the evidence produced by plaintiff that he had established a domicil in Idaho. It also found from the evidence that such residence had continued for the statutory time required, and that the ground for divorce alleged had been proven. Upon these findings the conclusion was reached that plaintiff was entitled to a divorce, and decree was accordingly entered. Now, after nine months from the close of the term, defendant sought and obtained a retrial of the issues as to jurisdiction and residence.

■ One of the oldest and most universally accepted juridical principles is that embraced in the doctrine of res judicata. In the absence of fraud or collusion a judgment is conclusive as between the parties and their privies on all issues which were (or should have been) litigated in the action. The principle is equally applicable in cases of judgment by default. King v. Richardson, 54 Idaho 420, 33 P.2d 1070; Last Chance Mining Co. v. Tyler Min. Co., 157 U.S. 683, 15 S.Ct. 733, 39 L.Ed. 859, 50 C.J.S., Judgments, §§ 631, 706, pp. 57, 162. The rule in such cases is that the parties are concluded on all issues necessary to support the judgment. Here the issues as to domicil and duration of residence are essential to the judgment.

■ Generally speaking, the fraud which will invalidate a judgment must be extrinsic or collateral to the issues tried, by which the aggrieved party has been prejudiced, or prevented from having a fair trial. It is not sufficient to charge only intrinsic fraud, or that which is involved in the issues tried, such as the presentation of perjured testimony. Hirsch v. Hirsch, 74 Cal.App.2d 391, 168 P.2d 770; Metzger v. Vestal, 2 Cal.2d 517, 42 P.2d 67; Kasparian v. Kasparian, 132 Cal.App. 773, 23 P.2d 802; Stout v. Derr, 171 Okl. 132, 42 P.2d 136; Zounich v. Anderson, 35 Idaho 792, 208 P. 402; Donovan v. Miller, 12 Idaho 600, 88 Pac. 82, 9 L.R.A., N.S., 524, 10 Ann.Cas. 444; Scanlon v. McDevitt, 50 Idaho 449, 296 P. 1016; Harkness v. Village of McCammon, 50 Idaho 569, 298 P. 676; Boise Payette Lumber Co. v. Idaho Gold Dredging Corp., 56 Idaho 660, 58 P.2d 786; Moyes v. Moyes, 60 Idaho 601, 94 P.2d 782; Keane v. Allen, 69 Idaho 53, 202 P.2d 411; 49 C.J.S., Judg-

ments, §§ 269, 270, pp. 486–490; 31 Am. Jur. 228–243; L.R.A.1917B (note) 409–512.

■ Res judicata applies with equal effect to close the door to a retrial of issues involving jurisdiction. Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263; Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 51, 84 L.Ed. 85. In the Treinies case the court said: "One trial of an issue is enough. (Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244) 'The principles of res judicata apply to questions of jurisdiction as well as to other issues,' (American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 101, 77 L.Ed. 231, 86 A.L.R. 298) as well to jurisdiction of the subject matter as of the parties." Williams v. State of North Carolina, supra.

■ As before noted, the defendant makes no appeal to equity on the ground of injustice, and no detriment appears from the record. As to the issue of fraud, reasonable minds might very well differ as to whether the plaintiff had in good faith established a domicil in Idaho. The fact is that plaintiff did establish a residence in Idaho. The question is whether he did so "with intent to remain." On this the evidence is conflicting. But one fact is free from doubt. He left Pennsylvania with the intent to permanently discontinue his domicil there. Pursuant to the separation agreement he had delivered to the defendant securities representing a part of his share in his mother's estate of a value of $23,814.80; transferred to her the home in Pennsylvania in fee simple; and provided for the custody, care, education and control of the minor children of the marriage. In his car and attached trailer he brought his personal effects with him to Idaho. He continued actually to reside in Idaho during the six weeks period, except for an eight day period when he went to California (leaving his effects at his residence in Idaho) to visit with the defendant and his children who were vacationing in California. Since his departure therefrom in July, 1947, he has not returned even for a visit to Pennsylvania, and after the divorce he moved to Vancouver, Washington, where he established a permanent domicil. So that (except for the legal fiction that one domicil is not lost until another is gained) if he did not establish a domicil in Idaho, he had no domicil at all until he located in Vancouver.

" 'The moving from one place of residence to another place with the intent to abandon the old residence and establish a residence at the new place, is in law a change of residence, which may be accomplished in one day * * *.' Burke County v. Oakland, supra, 56 N.D. 343, 347, 217 N.W. 643, 645." Schillerstrom v. Schillerstrom, N.D., 32 N.W.2d 116, 2 A.L.R.2d 281.

"Am.Law Inst. Restatement of the Law, Conflict of Laws, section 15(3), page 32, reads:

" 's. 15 Domicil of Choice * * * (3) The fact of physical presence at a dwelling-place and the intention to make it a home must concur; if they do so, even for a moment, the change of domicil takes place.' " Schillerstrom v. Schillerstrom, N.D., 32 N.W 2d 116, 2 A.L.R.2d 281.

If the plaintiff was guilty of any fraud, it consisted of a swearing falsely that he took up residence in Idaho with a bona fide intent to establish a domicil here. The fraud charged in this case is intrinsic and the defendant is bound by the judgement thereon.

As above noted, the claim is also made that appellant did not reside in Idaho six full weeks next preceding the commencement of the action. Appellant disputes this claim and by his showing contends he did comply with that requirement. It is not necessary to determine that question again in these proceedings. The allegation of six weeks residence was one of the essential facts to be established by the plaintiff. It was neither more nor less important than the allegation of the ground for divorce. Upon failure of proof of either, the court would be without authority to grant the decree sought. But such failure of proof would not affect its jurisdiction. If the trial court committed error in its findings, either as to the fact of domicil or as to the required time of residence, the remedy was by appeal and not by motion to vacate the judgment. Schillerstrom v. Schillerstrom, supra; Williams v. State of North Carolina, supra.

Appellant contends that respondent's motion is barred by the six months limitation contained in section 5-905, I.C. That section has no direct application in this case. No relief is sought here on any ground mentioned therein. However, as stated in Keane v. Allen, supra, that section may be looked to by way of analogy as to what constitutes laches. Respondent offers no excuse for her long delay in seeking relief. Hence on that ground also her motion should have been denied. Savage v. Stokes, 54 Idaho 109, 28 P.2d 900; Hanson v. Rogers, 54 Idaho 360, 32 P.2d 126; McAllister v. Erickson, 45 Idaho 211, 261 P. 242.

The order appealed from is reversed and the cause remanded with directions to the district court to reinstate the judgment. Costs to appellant.

HOLDEN, C. J., and PORTER, J., and SUTTON, D. J., concur.

GIVENS, Justice (especially concurring).

I concur in the conclusion reached because it was not shown the motion to vacate was made within a reasonable time. Keane v. Allen, 69 Idaho 53, 202 P.2d 411. It is, therefore, unnecessary to pass on whether Section 32-701, I.C. is or is not jurisdictional—hence I do not concur in holding it is not.