233 P.2d 806

**COMMON SCHOOL DIST. NO. 58 OF
KOOTENAI COUNTY et al. v. LUNDEN
et al.**

No. 7744.

Supreme Court of Idaho.

July 17, 1951.

Robert E. Smylie, Atty. Gen., J. N. Leggat, Asst. Atty. Gen., Elder, Elder & Smith, Wm. D. McFarland, Coeur d'Alene, for appellants.

Robert McFadden, Plummer, Carl M. Buel, Cope R. Gale, St. Maries, for respondents.

TAYLOR, Justice.

On the day this cause was argued, respondents filed a motion to dismiss the appeal on the ground that the transcript does not contain or show proof of service of notice of appeal, required by § 13–202, I.C. Appellants suggested augmentation to include an affidavit of service originally filed with the clerk of the district court, but omitted from the transcript. The proof being examined and found sufficient the augmentation is ordered, and the motion to dismiss is denied. Mendini v. Milner, 47 Idaho 322, 276 P. 35; Henderson v. Nixon, 66 Idaho 780, 168 P.2d 594; Guiles v. Kellar, 68 Idaho 400, 195 P.2d 367; Robinson v. Robinson, 70 Idaho 122, 212 P. 2d 1031.

On July 28, 1950, the "County Committee" of Kootenai County, organized under the Act for Reorganization of School Districts of 1947, Title 33, Chap. 5, I.C., as amended, adopted a plan referred to as "Proposal No. 6" for the formation of a new school district, to include nineteen existing school districts and certain unorganized territory in the county. On September 23, 1950, the plan was approved, as submitted, by the State Committee on School Reorganization. The approved plan was then transmitted by the state committee to the Board of County Commissioners of Kootenai County. § 33–505 (6), I.C. Thereafter, on the 29th day of September, 1950, the plaintiffs, Common School District No. 58, its trustees and three taxpayers of the area, made application to the district court for a writ prohibiting the defendants, the board of county commissioners, from calling an election or proceeding further with the proposed reorganization. § 33–510, I.C.

As grounds for such writ the petitioners allege, among other things, that the plan is impracticable and unworkable; that it would impose great hardship upon the residents of isolated areas where schools are now conducted in that it would require the transportation of children residing in such areas great distances over hazardous mountain roads, some of which during portions of the year have been, and hereafter may be, impassable; that they were denied their right to be heard by the county committee and by the state committee; that the proposal is capricious and is one not contemplated by the act; that the act is unconstitutional; that the proposal violates constitutional rights of petitioners; and that they have no plain, speedy or adequate remedy at law.

Alternative writ was issued, and motion to quash was denied. Defendants then filed answer and return. Both the motion and return assert that the plaintiffs have an adequate remedy by appeal, and that the acts prohibited are purely ministerial, and therefore prohibition does not lie.

Writ of prohibition will not issue where there is a plain, speedy and adequate remedy in the ordinary course of law. § 7–402, I.C. Where an appeal is available such remedy is generally held to be adequate and exclusive. Picotte v. Watt, 3 Idaho 447, 31 P. 805; Rogers v. Hays, 3 Idaho 597, 32 P. 259; Morgan v. Board of Commissioners, 4 Idaho 418, 39 P. 1118; School Dist. No. 25 v. Rice, 11 Idaho 99, 81 P. 155; Bobbitt v. Blake, 25 Idaho 53, 136 P. 211; McNamara v. Wayne, 67 Idaho 410, 182 P.2d 960; Harrison v. Board of County Commissioners, 68 Idaho 463, 198 P.2d 1013; Smith v. Young, 71 Idaho 31, 225 P.2d 466.

Here the act specifically provides for review by appeal.

"Section 19. Court Review—Appeals—Procedure.—At any time within twenty days after the entry of the order of the Board of County Commissioners as provided in Sections 10, 11 and 13 of this Act, as amended, an appeal from said order, or any part thereof, may be taken to the District Court of such county by any resident and/or taxpayer of the territory involved * * *. This review procedure shall be exclusive as to any order of the Board of County Commissioners issued under the provisions of this Act.

"The procedure upon such appeal and the power of the courts in relation thereto shall be in all respects the same as are prescribed in Sections 30–1109, 30–1110, and 30–1111, Idaho Code Annotated, providing for appeals from other orders of the Board of County Commissioners. Provided, that * any determination by the courts with respect to the adjustment of property, debts and liabilities among the districts or areas involved shall in no wise affect the validity of the reorganization or creation of any school district or districts under the provisions of this Act." § 33–519, I.C., as amended S.L.1949, c. 94, § 1, p. 170.

The section 10 referred to is § 33–510, I.C., as amended S.L.1949, c. 83, § 1, p. 145. This section provides that within 10 days after receipt from the state committee of the plan for the reorganization, bearing the approval of the state committee and the county committee, "the Board of County Commissioners of such county shall enter an order directing that the question of establishing the proposed reorganized school district as specified in said approved plan and the terms or plans of adjustment, if there be any, of property, debts and liabilities included in said plan, shall be submitted to the qualified voters of the territory or various territories affected thereby, at a special election as hereinafter provided. At the time of entering said order the Board of County Commissioners shall forthwith call and cause to be held, a special election within the territory of each new district proposed to be formed under said approved plan, which election shall be held at the place or places within the territory of such newly proposed district as shall be determined by the Board of County Commissioners to be convenient for the voters entitled to vote at such election." The section then provides for the manner of conducting the election, canvassing the returns and determining the result thereof.

From this it is apparent that an appeal is provided from the very acts which the writ in this case forbids the board to perform. So the question becomes one as to the adequacy of the remedy by appeal. A reading of the reorganization act indicates that the legislature intended to and did delegate and grant to the county and state committees all of the legislative and administrative powers and duties necessary to accomplish the objects and purposes of the act. Theirs is the power and duty to initiate and prepare plans, to conduct hearings thereon, to make necessary findings, adjustments of property, debts and liabilities, and to adopt and approve plans to be submitted to the electors. Whereas it likewise appears that the function of the board of county commissioners is largely ministerial.

Ordinarily prohibition does not lie to prohibit the performance of a purely ministerial act expressly commanded by statute, unless it appear that the act is beyond the mandate or the mandate is beyond the power of the legislature. Miller v. Davenport, 8 Idaho 593, 70 P. 610; Stein v. Morrison, 9 Idaho 426, 75 P. 246; State ex rel. Bank of Eagle v. Leonardson, 51 Idaho 646, 9 P.2d 1028; Taylor v. Girard, 54 Idaho 787, 36 P.2d 773; Whitten v. California State Board of Optometry, 8 Cal.2d 444, 65 P.2d 1296, 115 A.L.R. 1, Anno. p. 3; Gould v. Parker, 114 Vt. 186, 42 A.2d 416, 159 A.L.R. 622, Anno. 627.

It is also ordinarily true that an appeal does not lie from purely ministerial acts. 4 C.J.S., Appeal and Error, § 91; Reynolds v. Justice, 228 Mo.App. 246, 66 S.W.2d 169; Head, Ordinary, v. Waldrup, 193 Ga. 165, 17 S.E.2d 585;

490

Friedman v. Kase, 336 Ill.App. 156, 83 N.E.2d 43. Here, however, the legislature has seen fit to provide for an appeal from all actions or orders of the board of county commissioners whether they be ministerial or not. So, the right of appeal is placed beyond controversy. The scope of such an appeal is another question. It is noted that the second paragraph of § 19, supra, provides that the procedure and power of the courts on such appeals is the same as that provided for on appeals from other orders of the board, among which is the provision that the matter shall be heard anew. § 31–1512, I.C. This would imply that the order to be appealed from is one which follows a hearing before the board, whereas the reorganization act apparently does not require such a hearing. On the other hand, the proviso contained in the last sentence of the second paragraph of § 19 contemplates a broad scope of review by the district court. However, it is unnecessary to a decision here to determine the precise scope of the review permitted on appeal by these statutes. It is sufficient to say that the remedy by appeal is just as broad, if not broader, than any remedy which could be afforded by prohibition, assuming such were available.

We, therefore, conclude that the peremptory writ should be vacated and the action dismissed. And it is so ordered. Costs to appellants.

GIVENS, C. J., PORTER and THOMAS, JJ., and GRAF, District Judge, concur.